MOHAWK DRESS COMPANY, INCORPORATED, APPELLEE,
v. JACOB MICHAELIS, APPELLANT.

Submitted December 21, 1922—Decided February 20, 1923.

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Edmund A. Hayes.*

For the appellee, *John Bishop.*

PER CURIAM.

The parties entered into a contract for the display and sale of plaintiff's products in defendant's store, plaintiff to have certain specified space in the show window. There was no stipulation as to who was to arrange plaintiff's goods in the window, or in trade language, "dress" it. At first, plaintiff attended to this through an agent, then requested defendant to do it, and on the trial the meritorious questions involved were whether defendant was entitled to pay for dressing the window, and if so, to how much. Defendant had retained $25 per week on this account, and it was for the aggregate so retained that the suit was brought.

The trial court held, and as we think correctly, that defendant was not required to perform this service gratis; and in dealing with the *quantum meruit* feature, held that although the only testimony of the fair value of the service was that of defendant himself, viz., that such fair value was $25 per week, refused to award that amount and awarded $5 per week instead. This is the basis of the appeal.

We are unable to see that there was legal error in the court's refusal to accept the defendant's opinion evidence of value as binding on it. As the court notes in the state of the case, defendant, though testifying to his experience as a

window dresser, did not testify that he had ever been employed as such, nor as to the wages usually paid for such work in the vicinity. The size of the window space was not shown. It did appear that the "dressing" consisted in the clothing of lay figures with plaintiff's goods and placing those figures in the window. In such a state of evidence, the court, sitting as a jury, might well conclude that defendant's testimony as to the worth of his service was quite unreliable, and disregard it entirely. See *Schmidt* v. *Marconi Wireless Tel. Co.*, 86 N. J. L. 183. In such a posture of the case, the claim might be ignored altogether, and if so it was not error harmful to defendant to make in his favor the award that was made. Indeed, it may be said that he was technically not entitled to recover at all, as he filed no counter-claim.

The judgment will be affirmed.